THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS FLAKES,<br><br>      **Plaintiff,**<br><br>v.<br><br>DAVID W. MITCHELL, MICHAEL T. BAILEY, BRANDON RIDGEWAY, JONATHON WILSON, and JOHN DOE OFFICER,<br><br>      **Defendants.** | Case No. 3:24-cv-01281-GCS |

### MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Thomas Flakes, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center. In the Complaint, Plaintiff alleges Michael T. Bailey used excessive force against him and later retaliated against him. He also alleges that he was denied due process protections during a disciplinary hearing. He raises claims under the First, Eighth, and Fourteenth Amendments.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 8), and the limited consent to the exercise of Magistrate

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Plaintiff alleges that on June 5, 2023, while being escorted to restrictive housing by Sergeant Michael T. Bailey, Plaintiff began talking to another inmate. (Doc. 1, p. 6). Bailey told Plaintiff to "shut up" but he ignored the directive. *Id*. Bailey then squeezed Plaintiff's handcuffs causing pain. When Plaintiff questioned Bailey's actions, Bailey slammed Plaintiff face first into the concrete and snatched at the handcuffs, causing them to tighten more. *Id*. Plaintiff expressed his fear of Bailey and looked to Correctional Officer Jonathon Wilson, who was present in the area. *Id*. Plaintiff asked Wilson if he was going to do anything about Bailey's actions. Wilson noted that the lieutenant for the unit was on his way, a statement Bailey took as a warning to Bailey to stop his actions.

Bailey later wrote a disciplinary ticket against Plaintiff about the incident. Although Plaintiff alleges that the lieutenant of the unit admitted it was fabricated, Lieutenant Brandon Ridgeway found him guilty during the hearing on the ticket (Doc. 1, p. 6). Plaintiff alleges that Ridgeway told him that he wanted to find him not guilty, but he was subject to "politics." *Id*. Plaintiff alleges that Ridgeway refused to call his witness

---

Judge jurisdiction by the IDOC and Wexford Health Sources, Inc., as set forth in the Memoranda of Understanding between this Court and these two entities.

or explain the guilty finding. As a result, Plaintiff received seven days in segregation and two months of commissary restrictions. *Id*.

On August 28, 2023, while waiting in line to attend school, Plaintiff again encountered Bailey. (Doc. 1, p. 6). Bailey noted that he was able to beat Plaintiff's grievance against him. In response, Plaintiff reenacted the assault and informed Bailey that his fiancé was going to call the warden and inform him of the assault. *Id*. His fiancé did call the prison and was informed that Plaintiff needed to write a grievance or talk to internal affairs.

The next day, Plaintiff was taken to segregation for another disciplinary ticket from Bailey alleging that Plaintiff had threatened him. (Doc. 1, p. 6). Although Plaintiff spoke to the head of internal affairs at Pinckneyville, that officer merely stated that he would have hurt Plaintiff worse than Bailey if he had been present that day. *Id*. Plaintiff then requested to go on crisis watch. The internal affairs officer interviewed Plaintiff again the following day, but tried to convince him to drop the allegations because Bailey was a good man. *Id*. As a result of the tickets issued against Plaintiff, his aggression level was raised, and he was transferred to a maximum-security prison. *Id*.

PRELIMINARY DISMISSALS

Although Plaintiff identifies Warden David W. Mitchell as a defendant in the case caption, he fails to include any allegations against him in his statement of claim. Warden Mitchell cannot be liable simply in his position as warden because there is no *respondeat superior* (or supervisory liability) under Section 1983. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). Nor can he be liable for simply responding to or denying

Plaintiff's grievances. *See, e.g.*, *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Thus, any potential claim against Warden Mitchell is **DISMISSED without prejudice**.

Plaintiff also refers to a John Doe internal affairs officer who listened to his complaints against Bailey but who ultimately tried to convince Plaintiff to forgive and forget Bailey's actions. But Plaintiff fails to indicate how the officer violated his constitutional rights. Without more, Plaintiff fails to state a claim against the John Doe internal affairs officer. Any claim against him is also **DISMISSED without prejudice**.

Finally, Plaintiff fails to state a viable due process claim against Brandon Ridgeway. Plaintiff alleges that Ridgeway found him guilty without calling his witnesses. He also alleges that Ridgeway indicated that Plaintiff was not guilty but found him guilty anyway. But an inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff received two months commissary restrictions and seven days in segregation because of the ticket. An inmate does not have a protected interest in commissary privileges. And the small stint in segregation does not rise to the level of an atypical and significant hardship. *See Sandin*, 515 U.S. at 484. *See also Thomas v. Ramos*, 130 F.3d 754, 761-762 (7th Cir. 1997) (two months not enough on its own); *Williams v. Brown*, No. 20-1858, 849 Fed. Appx. 154, 157 (7th Cir. Mar. 24, 2021) (noting that 30 days

is not enough). Thus, Plaintiff's proposed due process claim is also **DISMISSED without prejudice**.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** Eighth Amendment excessive force claim against Michael T. Bailey for his use of force against Plaintiff on June 5, 2023.
>
> **Count 2:** First Amendment retaliation claim against Michael T. Bailey for writing a disciplinary ticket against Plaintiff in retaliation for the grievance Plaintiff wrote about the assault.
>
> **Count 3:** Eighth Amendment failure to intervene claim against Jonathon Wilson for failing to stop Bailey's assault on June 5, 2023.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Plaintiff states a claim against Bailey for excessive force. *See Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000), abrogated on other grounds by Savory v. Cannon, 947 F.3d 409 (7th Cir.

---

[2] *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2020). He also states a retaliation claim against Bailey. To state a First Amendment retaliation claim, a plaintiff must allege that he engaged in protected activity, "suffered a deprivation likely to deter such activity," and the "First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell,* 756 F.3d 983, 996 (7th Cir. 2014) (citations omitted). Here, Plaintiff alleges that he wrote a grievance against Bailey and, in response, Bailey issued Plaintiff a second disciplinary ticket. That is enough at this stage to state a retaliation claim against Bailey.

Plaintiff also states a viable failure to protect claim against Wilson. He alleges that Wilson was present at the time of the assault, but Wilson failed to intervene to stop Bailey's actions. *See Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017).

### PENDING MOTIONS

As to Plaintiff's motion for counsel (Doc. 4), he states that he lacks experience and is only a high school graduate. But Plaintiff fails to indicate whether he has tried to obtain counsel on his own. (Doc. 4, p. 1). Thus, the Court finds that Plaintiff has not yet met his threshold burden, and his motion is **DENIED**. Should he choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation.

### DISPOSITION

For the reasons stated above, Counts 1 and 2 shall proceed against Michael T. Bailey. Count 3 shall proceed against Jonathon Wilson. The claims against David W.

Mitchell, Brandon Ridgeway, and John Doe Internal Affairs Officer are **DISMISSED without prejudice.**

The Clerk of Court shall prepare for Defendants Michael T. Bailey and Jonathon Wilson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address. The Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: June 25, 2024.**

Digitally signed by Gilbert C Sison
Date: 2024.06.25 12:24:12 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**